IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZACHARY D. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-177 |
| | ) | |
| GROVETOWN POLICE DEPARTMENT; | ) | |
| JONES NALLEY, Investigator, Grovetown | ) | |
| Police Department; and GARY OWENS, | ) | |
| Police Chief (Ret.), Grovetown Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events occurring in Columbia County, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   Background**

In his complaint, Plaintiff names as Defendants (1) Grovetown Police Department, (2) Jones Nalley, Investigator, and (3) Gary Owens, Chief of Police. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 3, 2013, Plaintiff was in Grovetown, Georgia around midnight to pick up his stepdaughter. (Id. at 7.) While picking up his stepdaughter, he stopped by a friend's trailer, and a fight broke out nearby between two men, Jeremy Maddox and Tobias McCladdie. (Id.) McCladdie threw down Maddox for reasons unknown and walked away to another trailer. (Id.) Maddox walked to Plaintiff's truck and beat on the hood, and in response, Plaintiff grabbed an axe handle from his toolbox for self-defense. (Id.) As Plaintiff walked toward the front of the truck, McCladdie struck Maddox with his fist, knocking him to the ground again. (Id. at 8.) McCladdie ran into a nearby trailer, and Plaintiff placed the axe handle back into his toolbox. (Id.)

A few moments later, Plaintiff noticed a Grovetown police officer exiting his patrol car behind him. (Id.) The officer instructed Plaintiff to go to the back of his truck and remain there. (Id.) At this point, Rodrick Cherry, an individual unknown to Plaintiff, walked up to the front of Plaintiff's truck and leaned on the hood. (Id.) The officer arrested Cherry and placed him in his patrol car. (Id.) Another officer then arrived, arrested Plaintiff, and informed him that he and Cherry were being charged with armed robbery and aggravated assault. (Id.)

The officers took Plaintiff to the Grovetown Police Department and placed them in jail cells with no contact. (Id. at 9.) The officers did not interview any witnesses. (Id.) An hour after being booked at the jail, Investigator Jones Nalley questioned Cherry and Plaintiff for the first time about that night's events in the presence of an unknown officer. (Id.) Investigator Nalley told the booking officer that both Plaintiff and Cherry were lying and to take them back to their cells and book them on the armed robbery and aggravated assault charges. (Id.) The next morning on August 4, 2013, Investigator Nalley returned with warrants for Cherry and Plaintiff

2

and several witnesses came forth to give statements on Plaintiff's behalf. (Id.) Investigator Nalley stated that the witnesses were not reliable and continued to order Plaintiff's detention. (Id.) On the same day, Plaintiff and Cherry were taken to the Columbia County jail, booked on the armed robbery and aggravated assault charges, and not given a bond. (Id. at 10.)

On approximately August 17, 2013, Plaintiff was released on bond for the charges. (Id.) On January 5, 2015, a Columbia County Judge dismissed all charges after finding there was no evidence that he or Cherry committed a crime against Maddox. (Id.) Key to this finding was the ability of Plaintiff's attorney to show that several statements made by Maddox were false. (Id.) Plaintiff now requests compensatory damages for his legal costs, lost wages, emotional distress, the loss of his liberty, and the defamation of his character from the allegedly false charges. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Plaintiff Fails to State a Claim Against Defendant Gary Owens.

Plaintiff has failed to state a viable § 1983 claim against Defendants Gary Owens for two reasons. First, Plaintiff fails to mention Defendant Owens in his statement of the claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

4

allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Second, Defendant Owens is not subject to liability in a § 1983 case on the basis of supervisory liability. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.

5

1990)). Here, Plaintiff includes no substantive allegations connecting Defendant Owens with the alleged violation.

Plaintiff must therefore allege a causal connection between Defendant Owens and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not allege a history of widespread abuse or that Defendant Owens had any custom or policy in place that resulted in Plaintiff's false arrest. Nor does Plaintiff allege any facts to support an inference that Defendant directed any subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Owens.

### 3. Plaintiff Fails to State a Claim Against Defendant Grovetown Police Department.

Plaintiff has failed to state a viable § 1983 claim against Defendant Grovetown Police Department because it is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted). Moreover, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see Bunyon v. Burke Cnty., 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit). Thus, Plaintiff fails to state a claim against Defendant Grovetown Police Department because it is not a legal entity subject to liability in a § 1983 suit.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Gary Owens and Grovetown Police Department be **DISMISSED**. In a companion Order, the Court has allowed Plaintiff's claims of false arrest and false imprisonment to

proceed against Defendant Jones Nalley.

SO REPORTED and RECOMMENDED this 15th day of March, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA