IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZACHARY D. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-177 |
| | ) | |
| GROVETOWN POLICE DEPARTMENT; | ) | |
| JONES NALLEY, Investigator, Grovetown | ) | |
| Police Department; and GARY OWENS, | ) | |
| Police Chief (Ret.), Grovetown Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events occurring in Columbia County, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED** (doc. no. 16) and the case be **DISMISSED**.

**I. BACKGROUND**

In his complaint, Plaintiff names as Defendants (1) Grovetown Police Department, (2) Jones Nalley, Investigator, and (3) Gary Owens, Chief of Police. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, the facts are as follows.

On August 3, 2013, Plaintiff was in Grovetown, Georgia around midnight to pick up his stepdaughter. (Id. at 7.) While picking up his stepdaughter, he stopped by a friend's trailer, and a fight broke out nearby between two men, Jeremy Maddox and Tobias McCladdie. (Id.)

McCladdie threw down Maddox for reasons unknown and walked away to another trailer. (Id.) Maddox walked to Plaintiff's truck and beat on the hood, and in response, Plaintiff grabbed an axe handle from his toolbox for self-defense. (Id.) As Plaintiff walked toward the front of the truck, McCladdie struck Maddox with his fist, knocking him to the ground again. (Id. at 8.) McCladdie ran into a nearby trailer, and Plaintiff placed the axe handle back into his toolbox. (Id.)

A few moments later, Plaintiff noticed a Grovetown police officer exiting his patrol car behind him. (Id.) The officer instructed Plaintiff to go to the back of his truck and remain there. (Id.) At this point, Rodrick Cherry, an individual unknown to Plaintiff, walked up to the front of Plaintiff's truck and leaned on the hood. (Id.) The officer arrested Cherry and placed him in his patrol car. (Id.) Another officer then arrived, arrested Plaintiff, and informed him that he and Cherry were being charged with armed robbery and aggravated assault. (Id.)

The officers took Plaintiff to the Grovetown Police Department and placed them in jail cells with no contact. (Id. at 9.) The officers did not interview any witnesses. (Id.) An hour after being booked at the jail, Investigator Jones Nalley questioned Cherry and Plaintiff for the first time about that night's events in the presence of an unknown officer. (Id.) Investigator Nalley told the booking officer that both Plaintiff and Cherry were lying and to take them back to their cells and book them on the armed robbery and aggravated assault charges. (Id.) The next morning on August 4, 2013, Investigator Nalley returned with warrants for Cherry and Plaintiff and several witnesses came forth to give statements on Plaintiff's behalf. (Id.) Investigator Nalley stated that the witnesses were not reliable and continued to order Plaintiff's detention. (Id.) On the same day, Plaintiff and Cherry were taken to the Columbia County jail, booked on

2

the armed robbery and aggravated assault charges, and not given a bond. (Id. at 10.)

On approximately August 17, 2013, Plaintiff was released on bond for the charges. (Id.) On January 5, 2015, a Columbia County Judge dismissed all charges after finding there was no evidence that he or Cherry committed a crime against Maddox. (Id.) Key to this finding was the ability of Plaintiff's attorney to show that several statements made by Maddox were false. (Id.) Plaintiff filed this action requesting compensatory damages for his legal costs, lost wages, emotional distress, the loss of his liberty, and the defamation of his character from the allegedly false charges. (Id.) The Court screened Plaintiff's complaint, dismissing all claims against Defendants Grovetown Police Department and Owens but allowing false arrest and imprisonment claims to proceed against Defendant Nalley. (Doc. nos. 11, 13.)

On May 12, 2016, Defendant Nalley filed this motion to dismiss all claims on the basis of the expiration of the statute of limitations for Plaintiff's claim. (Doc. no. 16.) The Court extended Plaintiff's time to respond from May 31, 2016 until July 19, 2016 (doc. no. 17) and then again from July 19, 2016 until August 8, 2016 (doc. no. 21). Plaintiff has not responded to Defendant's motion despite these extensions.

## II. DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The court, however, need not accept the

complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a complaint must allege more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" to survive a motion to dismiss. Id. at 663.

It is "well-settled that § 1983 claims filed in Georgia are governed by the same two-year statute of limitations for personal-injury actions." Flowers v. Fulton Cty. Sch. Sys., No. 15-12220, 2016 WL 3159370, at *3 (11th Cir. June 7, 2016) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)). Therefore, to state a claim for which relief can be granted, Plaintiff must bring his action within two years of the date the statute of limitations on his claim begins to run.

The statute of limitations on false arrest and false imprisonment claims begins to run "when the alleged false imprisonment ends." Wallace v. Kato, 549 U.S. 384, 389 (2007) (citations omitted). "Reflective of the fact that a false imprisonment consists of detention without legal process, a false imprisonment ends once the [plaintiff] becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." White v. Hiers, 2016 WL 3194677, at *1, No. 15-15760 (11th Cir. June 9, 2016) (quoting Wallace, 549 U.S. at 389).

Here, Plaintiff does not specify the date he was bound over by the magistrate or arraigned on charges. However, Plaintiff does allege he was released on bond on or around August 17-19, 2013, by which time legal process must have been initiated against him. (Doc. no. 1, p. 10.) Thus, since he definitively received legal process by August 19, 2013, Plaintiff's false arrest and imprisonment ended and the statute of limitations began to run at

4

the latest on that date. Plaintiff signed the complaint in this § 1983 lawsuit on October 30, 2015. (Doc. no. 1.) Since Plaintiff waited more than two years from August 19, 2013, Plaintiff's claim is barred by the statute of limitations and Defendant's motion to dismiss should be **GRANTED**. (Doc. no. 16.)

**III. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to dismiss be **GRANTED** (doc. no. 16) and the case be **DISMISSED**.

SO REPORTED AND RECOMMENDED this 12th day of September, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA